IRVING, J.,
Concurring in Part, Dissenting in Part:
¶ 57. I agree with the majority’s opinion except as to issue number three. I believe that the majority attempts to evade the clear mandate of the Mississippi Supreme Court’s holding in Godwin v. Godwin, 758 So.2d 384 (Miss.1999) regarding the appropriate demarcation point for valuing a marital estate. Therefore, I dissent from the majority’s finding that the chancellor erred by not taking into consideration the appreciated value of the stock of Northeast Metal. Processors, Inc. (NMP) after the date of the temporary order, as I find that the date of the temporary order is the proper date for valuing and distributing the marital estate. I would affirm the chancellor’s judgment on this point.
¶ 58. The- majority attempts to cast the issue differently by finding that the date of the temporary order is the proper date for valuing Patricia’s and Walter’s interests in the NMP stock but that the date of the temporary order is not the appropriate date for valuing any passive appreciation of NMP’s stock. This argument is incon-gruent with the principle that the marital estate should be valued and distributed as of the date of the temporary order. In other words, it is an oxymoron to say that the marital estate can be valued at both an earlier and latter date and still be valued at only the earlier date. By definition, if the chancellor must consider the appreciated value of the marital estate beyond the date of an earlier order, he will be valuing the estate as of the latter date.
¶ 59. In Godwin, the court said:
Assets acquired after an order for separate maintenance should be considered the separate property of the parties, absent a showing of either (1) contribution to the acquisition of the asset by the other spouse as contemplated in our decisions in Ferguson v. Ferguson, 639 So.2d 921, 928-29 (Miss.1994), and Magee v. Magee, 661 So.2d 1117, 1123 (Miss.1995) or, (2) acquisition of the asset through the use of marital property.
Id. at 386(¶ 7). (footnote omitted). In footnote one, the court explained what it meant by the use of marital property to acquire an asset stating: “Here we are referring to the use of marital property, such as cash or some other like asset, to purchase property or the use of marital property as collateral or security for the purchase of property.” Id. at n. 1.
¶ 60. It is clear from the quoted passage that the court was announcing that all assets acquired after an order for separate maintenance has been entered are the separate property of the party acquiring them *916 unless one of two conditions exist: the other party contributed to the acquisition of the asset or marital assets were utilized in the acquisition of the asset. The court’s position on this point was emphasized in the conclusion portion of the Godwin opinion: “The chancellor’s use of the 1987 separate maintenance agreement as a point of separation in his equitable distribution of the Godwin[s’] marital property was appropriate.” Id. at 388(¶ 15). The majority erroneously reads the prerequisites for inclusion in the marital estate of property acquired after the date of an order for separate maintenance as setting forth some sort of exception for exclusion of the asset, as it asserts that “NMP does not qualify under this exception. Here, the asset — NMP—was not used as collateral or security to acquire another asset.” As stated, this interpretation of Godwin misses the mark.
¶ 61. The holding in Godwin — that the date of an order for separate maintenance is the appropriate date of demarcation for distribution of the marital estate — was extended by this Court in Pittman v. Pittman, 791 So.2d 857, 864(¶ 18) (Miss.Ct.App.2001) to orders for temporary relief. Therefore, I find that there is no basis for finding that the chancellor must consider the date of the divorce as the appropriate date for dividing any appreciation of marital assets that should have already been valued for distribution purposes at an earlier date. Accordingly, I would affirm the chancellor’s decision on this issue.
MAXWELL, J., JOINS THIS OPINION. CARLTON, J., JOINS THIS OPINION IN PART.